Case 7:21-cv-00330   Document 7   Filed on 09/02/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GOOD DIRECTIONS, LLC; NIELSEN JOHNSON INVESTMENTS, LLC; and CORPORATE SOLUTIONS, INC. | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § § | CIVIL ACTION NO. 7:21-cv-00330 |
| UNITED STATES OF AMERICA, | § § § | |
| Defendants. | § | |

## **OPINION AND ORDER**

The Court now considers Plaintiffs' "Motion for Emergency Hearing and Application for Temporary Restraining Order."[1] Because of the emergency nature of the motion, the Court considers Plaintiffs' motion now. After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiffs' motion.

### I. BACKGROUND

This case is a tax dispute related to civil action number 7:21-cv-00328. Plaintiffs allege that the Internal Revenue Service is attempting to wrongfully levy third party taxpayers to satisfy a tax liability by relying on an erroneous nominee legal theory.[2] The following are allegations from Plaintiffs' complaint.

Plaintiffs are Texas businesses in good standing.[3] Plaintiff Corporate Solutions, Inc. is a management company that handled the administrative functions of 4 Professional Employer Organizations from 2002–2014; Patricia E. Nielsen formed Plaintiff Good Directions, LLC "in

---

[1] Dkt. No. 2.
[2] Dkt. No. 1 at 1, ¶ 1.
[3] *Id*. at 2, ¶¶ 4–6.

June 2011 to serve as a holding company for an upcoming real estate purchase" but the business eventually acquired a commercial lot with 3 warehouse structures and rented the structures to 3 separate businesses; and Patricia E. Nielsen formed Plaintiff Nielsen Johnson Investments, LLC in March 2001 to hold commercial real estate, which the business presently does for the purpose of providing office space for Professional Employer Organization tenants and related management companies.[4]

In 2019, "IRS Revenue Officer Robert Hunt" began investigating the tax liabilities of Plaintiff Corporate Solutions, Inc. and associated entities.[5] After an August 2019 meeting, Patricia E. Nielsen "determined the correct amount of tax to be assessed pursuant to IRC § 6672" and made "voluntary payments" between September 2019 and July 2021 totaling $591,000.[6] But on a Form 668-A(ICS) dated August 12, 2021, Officer Hunt issued a Notice of Levy to Frost Bank for taxpayer "GOOD DIRECTIONS LLC, AS NOMINEE OF NIELSEN JOHNSON INVESTMENTS LLC, AS NOMINEE OF CORPORATE SOLUTIONS INC" seeking $1,765,294.44.[7]

Plaintiffs allege that they have been damaged by the wrongful levies issued by Officer Hunt because Good Directions is not a nominee of Nielsen Johnson Investments and Nielsen Johnson Investments is not a nominee of Corporate Solutions.[8] Plaintiffs bring a claim for a wrongful levy,[9] and a claim for a temporary restraining order.[10] Minutes after Plaintiffs filed their complaint, they filed the instant motion for a temporary restraining order.[11] The Court turns to its analysis.

---

[4] *Id.* at 4–7, ¶¶ 12–31.
[5] *Id.* at 7–8, ¶¶ 34, 36.
[6] *Id.* at 10–12, ¶¶ 45–50.
[7] Dkt. No. 1-14.
[8] Dkt. No. 1 at 13, ¶¶ 55–58.
[9] *Id.* ¶ 61.
[10] *Id.* at 19, ¶ 76.
[11] Dkt. No. 2.

## II. DISCUSSION

### a. Jurisdiction

This Court has jurisdiction, and venue is properly vested in this Court, under 28 U.S.C. § 1402(c). The Court has jurisdiction to consider injunctive relief in this taxpayer suit under 26 U.S.C. § 7426(b)(1).

### b. Legal Standard

A temporary restraining order may issue under Federal Rule of Civil Procedure 65(b) only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Furthermore,

> [t]here are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, Plaintiff[s] must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest.[12]

"To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment."[13] However, the Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements."[14]

### c. Analysis

---

[12] *Vogt v. Tex. Instruments Inc.*, No. CIVA 3:05CV2244 L, 2006 WL 4660133, at *2 n.4 (N.D. Tex. Aug. 8, 2006) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) & *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)); *accord Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).
[13] *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).
[14] *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009) (quotation omitted).

The Court declines to repeat itself in full. At the end of the workday on August 31, 2021, Plaintiffs' counsel in this case filed a nearly identical complaint and motion for a temporary restraining order in *Nielsen v. United States*, No. 7:21-cv-328 (S.D. Tex. Sept. 2, 2021) (Alvarez, J.). In a September 1st opinion and order, this Court analyzed the plaintiffs' motion, the record, and relevant authorities and denied the plaintiffs' motion for a temporary restraining order and emergency hearing for two main reasons: (1) plaintiffs failed to meet the formal certification requirements that are prerequisites to the issuance of a temporary restraining order, and (2) plaintiffs failed to demonstrate irreparable injury to their rights in property within the scope of 26 U.S.C. § 7426(b)(1).[15] Those reasons are identically applicable here. The August 12, 2021 Notice of Levy "which forms the basis of this cause of action"[16] only levies monies held by Frost Bank,[17] which is the same as the notices of levy in case number 7:21-cv-328, which also only levied bank accounts.[18]

### III. CONCLUSION AND HOLDING

For the reasons elaborated in the Court's September 1st opinion and order in *Nielsen v. United States*, the Court **DENIES** Plaintiffs' motion for an emergency hearing and application for a temporary restraining order.[19] The Court notes that Plaintiffs anticipate filing yet another "related" complaint,[20] and encourages Plaintiffs' counsel to take heed of this opinion and the Court's September 1st opinion before creating another emergency for the Court.
IT IS SO ORDERED.
DONE at McAllen, Texas, this 2nd day of September 2021.

                                                   Micaela Alvarez
                                        United States District Judge

---

[15] *Nielsen v. United States*, No. 7:21-cv-328, Dkt. No. 6 (S.D. Tex. Sept. 1, 2021) (Alvarez, J.); *see Ketcham v. United States*, 783 F. Supp. 511 (D. Nev. 1991).
[16] Dkt. No. 1 at 12, ¶ 51.
[17] *See* Dkt. No. 1-14.
[18] *See supra* note 15.
[19] Dkt. No. 2.
[20] Dkt. No. 1 at 21 n.21.